# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH E. AULT )
) No. 15-931
)
v.

CAROLYN W. COLVIN

## SYNOPSIS

Plaintiff filed an application for supplemental social security disability benefits pursuant to Title II of the Social Security Act, alleging disability due to physical impairments beginning on July 6, 2012. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Plaintiff now appeals to this Court. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. PLAINTIFF'S MOTION**

Plaintiff contends that the ALJ failed to properly consider the decision of the Veterans Administration ("VA"). The ALJ noted that Plaintiff was afforded a 20 percent disability rating from the VA, but Plaintiff asserts that his rating was, in fact, 70 percent, effective April 4, 2008. Indeed, the VA assigned a 20 percent rating for Plaintiff's diabetes, 10 percent for neuropathy in each extremity, and 70 percent overall. Defendant concedes that the ALJ failed to acknowledge the overall 70 percent rating, but asserts that this failing is not fatal to the ALJ's decision.

SSA regulations specify that a decision by any non-governmental or governmental agency about an individual's disability is based that agency's own rules, and does not constitute a SSA decision about whether an individual is disabled. 20 C.F.R. § 404.1504; Malcom v. Barnhart, 448 F. Supp.2d 595, 604 (D. Del. 2006). While a VA rating is not binding on the Social Security Administration ("SSA"), however, it is entitled to "substantial weight." Burczyk v. Colvin, 2016 U.S. Dist. LEXIS 70603, at *5 (W.D. Pa. May 31, 2016). Therefore, an ALJ is required to provide specific, valid reasons for discounting a VA rating. Toliver v. Colvin, 2016 U.S. Dist. LEXIS 41569 (C.D. Cal. Mar. 29, 2016). Here, the ALJ rejected the 20 percent VA rating based on the overall record and the differences in agency standards. I am not permitted to speculate, however, regarding how a 70 percent rating might have affected the ALJs conclusions. That rating, even if inadvertently, was not considered at all. Remand is required on that basis.

Next, Plaintiff argues that the ALJ failed to address failed to address Exhibits 1F and 2F in his decision, and did not explain the omission. Exhibits 1F and 2F consist of treatment records from Dr. Klain and the Indiana Regional Medical Center 205-232. The latter contains blood test results, as well as imaging studies, copies of which were sent to Dr. Klain. The ALJ did, however, discuss Dr. Klain's treatment. Plaintiff does not assert how these exhibits are material, or might have affected the substantive outcome. "The ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'" Mays v. Barnhart, 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002). I find no error in this regard.

Finally, Plaintiff contends that the ALJ failed to acknowledge his bladder dysfunction resulting from prostate cancer, despite medical records and testimony in that regard. Because the ALJ did not refer to Plaintiff's allegations in that regard, I cannot discern whether he rejected

3

Plaintiff's allegations of limitations, or merely failed to consider them. The ALJ should take the opportunity on remand to address Plaintiff's allegations of incontinence and their limiting affect.

**CONCLUSION**

In sum, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings consistent with the foregoing Opinion. An appropriate Order follows.

**ORDER**

AND NOW, this 6th day of January, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court