IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH E. AULT )
) No. 15-931
)
v.

CAROLYN W. COLVIN

**ORDER**

AND NOW, this 17th day of February, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for fees is GRANTED, in that Plaintiff Kenneth Ault is awarded attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of three thousand six hundred twenty seven dollars ($3,627.00), and costs in the amount of four hundred dollars ($400.00).

The Defendant has proposed making payment directly to Plaintiff, but Plaintiff seeks payment directly to counsel instead. The record reflects that Plaintiff assigned his right to EAJA fees to counsel. Some courts have found that EAJA fees may be paid directly to counsel under such circumstances. However, within the Western District of Pennsylvania, the Court's practice has more often been to direct payment to Plaintiff rather than to counsel, even in light of an assignment. See, e.g.,Gallagher v. Astrue, No. 11-1118, 2012 U.S. Dist. LEXIS 143056, at *3 (W.D. Pa. Oct. 3, 2012); Bonani v. Astrue, 2011 U.S. Dist. LEXIS 14180 (W.D. Pa. Feb. 14, 2011); see also Bluford v. Comm'r of Soc. Sec., 2011 U.S. Dist. LEXIS 82098 (D.N.J. July 25, 2011); Burt v. Astrue, 2011 U.S. Dist. LEXIS 37887 (E.D. Pa. Apr. 7, 2011).

In this case, the attorney fees and costs awarded shall be paid directly to Kenneth Ault, and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded

attorney fees will be contingent upon a determination by tGovernment that Plaintiff owes to qualifying, pre-existing debt(s) to the Government.  If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court